*551 OPINION.
Love:
The item of gain or loss involved in the sale of petitioner’s stock in the corportion in 1920 formed no part of the controversy in this case until that transaction was incidentally developed at the *552 hearing. It then developed that in 1911 petitioner had paid about $10,000 for 51 per cent of assets which were transferred to a corporation, for stock in the corporation. In 1920, he sold that stock for $20,000. Counsel for Commissioner then moved for increase of deficiency. By doing so he assumed the burden of proof. That stock was purchased prior to March 1, 1913, and in the event its selling price was no greater than its March 1,1913, value, there was no gain. There was no evidence offered as to its March 1, 1913, value, hence we can not determine whether or not any gain was realized on its sale in 1920. The motion of .the Commissioner for an increase of the deficiency is denied.
Counsel for the Commissioner at the hearing conceded the proof of loss sustained by petitioner on the sale of cotton in the amount of $10,634.49, and hence we hold that he is entitled to a deduction of that amount as a loss. There was no proof of the date of acquisition of "the leases on which petitioner claimed a loss, whether prior to or subsequent to March 1, 1913. If acquired prior to March 1, 1913, and their market value was less on that date than cost, the loss, if any, was that value, since nothing was received for them. The burden of proof on this issue being on petitioner, we hold that he failed to make out his case on that issue and sustain the action of the Commissioner.
Reviewed by the Board.

Jxidgment will be entered, wader Bule BO.